IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| DURAND TOSON, | § | |
| Institutional ID No. 2206334 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:23-CV-00124-BU |
| | § | |
| JENNIFER S. CROZBY, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Toson filed a change of address showing that he was released from TDCJ and is no longer incarcerated in any jail or prison facility. Dkt. No. 28. Toson was previously granted leave to proceed *in forma pauperis*. Dkt. No. 12. Because he filed this action while a prisoner, Toson was subject to the Prison Litigation Reform Act of 1995 (PLRA). The PLRA requires that all prisoners bringing civil actions pay an initial partial filing fee and thereafter to pay the balance of the full filing fee.[1] *See* 28 U.S.C. § 1915(b)(1). Under the PLRA, prisoners may not file an action or an appeal without prepayment of the filing fee in some form. *See Gay v. Texas Dep't of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997) (citing § 1915(b)(2)). A prisoner who is granted leave to proceed *in forma*

---

[1] When a prisoner has been granted leave to proceed *in forma pauperis*, a $350 filing fee will be deducted from the prisoner's account. *See* District Court Miscellaneous Fee Schedule. If the prisoner has not been granted leave to proceed *in forma pauperis*, he must pay the $350 fee plus a $52 administrative fee, resulting in a total filing fee of $402. *See id.*

1

*pauperis* must still pay the filing fee but is allowed to pay it in installments that are withdrawn from his inmate trust account by the prison facility and forwarded to the Court. The provision of the PLRA that allows for payment of the filing fee in installments only applies while the prisoner remains in custody.[2] *See* 28 U.S.C. § 1915(b)(2).

Because Toson has been released from prison, the Court ordered him to pay the full filing fee before this action may proceed further. Dkt. No. 30; 28 U.S.C. § 1915(b)(1). The record reflects no payments from Toson's inmate trust account during his incarceration, leaving a balance of $350.00. The Court ordered Toson to pay the balance of the full filing fee of $350.00 by April 6, 2026. The Court also cautioned Toson that if he fails to pay the filing fee, this action will be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) without further notice. *See Mabry v. TDCJ*, No. 4:10-CV-520, 2013 WL 4522684, at *1 (dismissing prisoner lawsuit under Rule 41(b) for failure to pay the remainder of the filing fee after his release from prison). Twenty-eight days have passed since the filing fee was due and Toson has failed to make any payment.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.

---

[2] The Fifth Circuit has upheld the constitutionality of the PLRA and its fee provisions. *See Miller v. Harris County, Texas*, No. 10-20047, 2010 WL 3824231, *2 (5th Cir. Sept. 23, 2010) (per curiam); *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997).

2

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Toson's failure to pay the balance of the filing fee and failure to comply with the Court's order are both grounds for dismissal under Federal Rule of Civil Procedure 41(b). *See Mabry v. TDCJ*, No. 4:10-CV-520, 2013 WL 4522684, at *1 (E.D. Tex. Aug. 13, 2013) (dismissing prisoner lawsuit under Rule 41(b) for failure to pay the remainder of the filing fee after his release from prison). The Court attempted through the two orders to employ a lesser sanction than dismissal, but to no avail. But because the undersigned does not believe that Toson has acted with bad faith or with delay in mind, the undersigned RECOMMENDS that his claims be dismissed without prejudice to him refiling his claims.

<u>RIGHT TO OBJECT</u>

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## TRANSFER OF CASE

The undersigned ORDERS that this case be TRANSFERRED back to the docket of the United States District Judge and designated as Civil Action No. 1:23-CV-00124-H-BU.

ORDERED this 4th day of May 2026.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

4